UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GAETAN PELLETIER, PRO SE,<br><br>Plaintiff,<br>v.<br><br>WILLIAM V. RODRIGUEZ; JUDY A. RODRIGUEZ; WILLIAM V. RODRIGUEZ, TRUSTEE; WILLIAM V. RODRIGUEZ REOVCABLE LIVING TRUST (a Nevada Trust dated November 7, 1991); JAMES W. MIDDAGH; MORTENSEN PARTNERS, LIMITED PARTNERSHIP; ROBERTS J. WINES; AND JOHN DOE(S) PARTNERS IN MORTENSEN PARTNERSHIP; JOHN DOE(S) BENEFICIARIES OF THE RODRIGUEZ REVOCABLE TRUST BENEFICIARIES IN JANUARY 2015 AND NOW,<br><br>Defendants. | Case No. 3:17-cv-00642-MMD-VPC<br><br>ORDER |

This action involves tort and contract claims relating to the sale of Clover Valley Ranch in Elko County, Nevada. (ECF No. 23 at 1.)

**I.     MOTION TO DISMISS**

Plaintiff Gaetan Pelletier initiated this action against a number of defendants in his Complaint dated September 5, 2017. (ECF No. 1.) Defendant Robert J. Wines then moved to dismiss the Complaint for insufficient service of process and defect in venue. (ECF No. 13.) Plaintiff remedied these deficiencies, and Defendant Wines acknowledged that his motion to dismiss is now moot. (ECF No. 21 at 2.) Accordingly, Defendant Wines' motion to dismiss (ECF No. 13) is denied as moot.

## II. MOTIONS FOR DEMAND FOR SECURITY OF COSTS

Defendant Wines also filed a motion demanding security of costs (ECF No. 15) pursuant to NRS § 18.130(1), which provides:

> When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint. When so required, all proceedings in the action shall be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $500; or in lieu of such undertaking, the plaintiff may deposit $500, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking. The plaintiff, upon filing the undertaking or depositing the security, shall notify the defendant of such filing or deposit, and the defendant, after receipt of such notice, shall have 10 days or the period allowed under N.R.C.P. 12(a), whichever is longer, in which to answer or otherwise plead to the complaint.

Plaintiff then filed his First Amended Complaint ("FAC") (ECF No. 23), which triggered an amended motion demanding security of costs by Defendant Wines (ECF No. 25). Defendant William V. Rodriguez joined Defendant Wines' amended motion demanding security of costs.[1] (ECF No. 31.) Additional Defendants (James W. Middagh and Mortensen Partners) filed their own motion demanding security of costs. (ECF No. 24.)

Plaintiff filed one response (ECF No. 29) to the three motions demanding security of costs (ECF Nos. 15, 24, 25). Plaintiff also filed a motion to deny security of costs (ECF No. 32), which is improper because it constitutes a second response to the motions demanding security of costs. The Court strikes that motion and all responsive briefing (ECF Nos. 35, 38, 39, 40, 41, 42). Plaintiff also filed a motion requesting judicial notice that amounts to a third response to the motions demanding security of costs. (ECF No. 44.) The Court strikes this motion as well.

///

///

---

[1] The Court construes the joinder as limited to Defendant William V. Rodriguez even though the docket entry lists additional defendants because Defendant William V. Rodriguez is the only defendant identified in the actual filing.

| | |
|---|---|
| 1 | The Ninth Circuit recognizes that "federal district courts have inherent power to |
| 2 | require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel* |
| 3 | *Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "It is the policy of [this Court] to enforce |
| 4 | the requirements of NRS § 18.130 in diversity actions." *Feagins v. Trump Org.*, No. 2:11- |
| 5 | cv-01121-GMN-GWF, 2012 WL 925027, at *1 (D. Nev. Mar. 19, 2012) (citing *Hamar v.* |
| 6 | *Hyatt Corp.*, 98 F.R.D. 305, 305-06 (D. Nev. 1983)). |
| 7 | Plaintiff appears to have attempted to post security for costs with the Court, though |
| 8 | prematurely. (ECF No. 29 at 1.) Nevertheless, Plaintiff essentially argues that Defendants |
| 9 | seek security for costs in bad faith. (*See id.* at 1-2.) Plaintiff has failed to demonstrate that |
| 10 | Defendants have acted in bad faith by seeking security for costs; he has alleged no facts |
| 11 | to support this assertion. Accordingly, the Court finds that Defendants' demands for |
| 12 | security of costs should be granted. |

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Wines' amended motion for demand for security of costs (ECF No. 25) is granted. Defendant Wines' initial motion for demand for security of costs (ECF No. 15) is denied as moot. Defendant Wines' motion to dismiss (ECF No. 13) is also denied as moot. Defendant William V. Rodriguez's joinder in Defendant Wines' amended motion demanding security of costs (ECF No. 31) is granted.

It is further ordered that Defendants James W. Middagh and Mortensen Partners motion for demand for security of costs (ECF No. 24) is granted.

It is further ordered that Plaintiff either post a bond for security costs or deposit lawful money for security costs in the amount of $500 for each Defendant who demanded security of costs, totaling $2,000, to the Clerk's Office within thirty (30) days. This case will be stayed pending Plaintiff's compliance with this security requirement.

The Clerk is instructed to strike the following docket entries: ECF Nos. 32, 35, 38, 39, 40, 41, 42, and 44.

DATED THIS 22nd day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE