**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GAETAN PELLETIER, | ) | 3:17-CV-0642-MMD-CLB |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | July 21, 2020 |
| | ) | |
| WILLIAM RODRIGUEZ, et al. | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: THE HONORABLE CARLA BALDWIN, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:        LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Defendants James Middaugh and Mortensen Partners, LLC ("Middagh/Mortensen") moved the court for determination of good faith settlement between them and the plaintiff (ECF No. 152). Plaintiff and the Rodriguez defendants filed notices of non-opposition (ECF Nos. 153 & 155). Therefore,

The motion for determination of good faith settlement (ECF No. 152) is **GRANTED**. The settlement reached between plaintiff, Gaetan Pelletier, his wife, Nancy Jean Pelletier, Clover Valley Ranch, LLC, a Colorado entity of which Mr. Pelletier is a member and manager and James Middagh, individually, and Mortensen Properties, LLC is reasonable and in good faith in light of the facts, allegations and defenses involved in the action. The settlement terms were reached after extensive arms-length negotiations between the settling parties. There has been no collusion between the settling parties, and the amount to be paid by Middagh/Mortensen is consistent with a reasonable evaluation of a potential judgment against Middagh/Mortensen in this matter.

Plaintiff and Middagh/Mortensen have given full and due consideration to the financial conditions of the settling parties, the discovery conducted in this case, the possible results of trial in this matter, and litigation costs and expenses that would be incurred absent this agreement, and other financial benefits from settlement. All parties were accorded a fair and full opportunity to review and evaluate the nature of the allegations. After evaluation of all aspects of the claims, Middagh/Mortensen and plaintiff agreed to settle their claims in consideration of a $45,500 payment to be paid by

Middagh/Mortensen and the agreement to accept a trial subpoena in this matter on behalf of James Middaugh who agrees to appear at trial in this matter.

  IT IS FURTHER ORDERED that the settlement terms shall be considered a good faith settlement pursuant to N.R.S. § 17.245, thereby extinguishing any potential liability for contribution or equitable indemnity against Middagh/Mortensen.

  IT IS SO ORDERED.

DEBRA K. KEMPI, CLERK

By: _____/s/_____
   Deputy Clerk