UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GAETAN PELLETIER,

Plaintiff,

v.

WILLIAM V. RODRIGUEZ; JUDY A.
RODRIGUEZ; WILLIAM V. RODRIGUEZ,
Trustee; JUDY A. RODRIGUEZ, Trustee;
WILLIAM V. RODRIGUEZ REVOCABLE
LIVING TRUST (a Nevada Trust dated
November 7, 1991); JAMES W. MIDDAGH;
MORTENSEN PARTNERS, Limited
Partnership; ROBERT J. WINES; and JOHN
DOE(S) Partners in MORTENSEN
PARTNERSHIP; JOHN DOE(S)
Beneficiaries of the WILLIAM V.
RODRIGUEZ REVOCABLE TRUST,
Beneficiaries in January 2015 and Now,

Defendants.

Case No. 3:17-cv-00642-MMD-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

**Re:  ECF Nos. 163, 164**

Before the Court is *pro se* Plaintiff Gaetan Pelletier's Second Motion for Leave to File Second Amended Complaint to Add Additional Parties, Paul Bottari, [and] Michael Rodriguez. ECF No. 163.   Plaintiff also filed a Motion for Enlargement of Time to the Scheduling Order for Discovery Pertaining to Added Defendants. ECF No. 164. The "Rodriguez Defendants," including William V. Rodriguez Family Revocable Living Trust, William V. Rodriguez, and Judy A. Rodriguez in their individual capacities and as trustees of the Rodriguez Trust, filed their Oppositions to Plaintiff's Motions.[1] ECF No. 171.  Plaintiff did not file a reply in support of either of his motions.

I.    **BACKGROUND**

On September 5, 2017, Plaintiff filed his original Complaint against the Rodriguez Defendants and Defendants Robert J. Wines ("Wines"), James W. Middagh ("Middagh"),

---

[1]     Every other Defendant in this action, with the exception of "John Doe Partner(s) in Mortensen Partnership" and "John Doe(s) Beneficiaries of the Rodriguez Trust," has been dismissed with prejudice.  ECF Nos. 78 and 159.

1  Mortensen Partners, John Doe Partner(s) in Mortensen Partnership, and John Doe(s) Beneficiaries

2  of the Rodriguez Trust.  ECF No. 1.  On November 6, 2017, Plaintiff filed his Amended Complaint.

3  ECF No. 23.  Among other things, Plaintiff alleges the Rodriguez Defendants conspired with one

4  another, and the other Defendants, to fraudulently induce Plaintiff to enter into a contract for the sale

5  of real property to Plaintiff.  *Id*. ¶¶ 79-85, 92-96.  Plaintiff claims the contract promised him a

6  conveyance of domestic "water rights" and granted him an option to purchase certain mother cattle

7  and hay on the property.  *Id*. ¶¶ 18-27.  Plaintiff also claims the Rodriguez Defendants breached the

8  contract by failing to convey the water rights, violating the terms of the cattle purchase by providing

9  fewer cattle than promised and removing the "prime younger mother cows from the selection," and

10  removing the hay from the property before Plaintiff could purchase it.  *Id*. ¶¶ 52-60.

11  After Plaintiff filed his Amended Complaint there were several Case Management

12  Conferences in which progress of the case and possible settlement conferences with some

13  Defendants were discussed.  ECF Nos. 52, 81, 94.  Ultimately, a settlement was reached between

14  Plaintiff and Defendant Wines, and Plaintiff and Defendants Middagh and Mortensen Partners.  ECF

15  Nos. 72 and 157.  The Court subsequently granted stipulations to dismiss these Defendants from this

16  action with prejudice.  ECF Nos. 78 and 159.

17  On May 3, 2019, prior to their dismissal, Plaintiff, Defendants Middagh, Mortensen

18  Partners, and the Rodriguez Defendants submitted a "Proposed Discovery Plan."[2]  ECF No. 91.

19  Plaintiff proposed March 31, 2020 as the deadline to file a motion to amend the pleadings or to add

20  parties, while these Defendants proposed July 1, 2019 for the same deadline.  *Id*. ¶ 8.  At a Case

21  Management Conference on May 9, 2019, the Court adopted Defendants' proposed deadline of July

22  1, 2019 to amend pleadings or to add parties and instructed the parties to resubmit their proposed

23  discovery plan and scheduling order in accordance with deadlines approved by the Court.  ECF No.

24  94.  Plaintiff, Defendants Middagh, Mortensen Partners, and the Rodriguez Defendants submitted

25  their revised Proposed Discovery Plan on June 13, 2019.  ECF No. 95.  Before the Court ruled on

26  the revised Proposed Discovery Plan, Plaintiff filed a "Motion for Extending Time to Add Parties to

27  His Complaint" seeking to extend this deadline from July 1, 2019 to August 19, 2019.  ECF No. 97.

28

---

[2]    By this time, Defendant Wines was dismissed with prejudice.  ECF No. 78.

Defendants Middagh and Mortensen Partners did not object to the extension, but reserved the right to respond to any future motion to amend or to add parties filed by Plaintiff.  ECF No. 98.[3]  The Court approved the parties' revised Proposed Discovery Plan (ECF No. 99), and granted Plaintiff's Motion for Extending Time to Add Parties to His Complaint by extending this deadline to August 19, 2019.  ECF 101 at 2.

On December 4, 2019, nearly four months after the deadline to amend pleadings or add parties had lapsed, Plaintiff filed his First Motion for Leave to File Second Amended Complaint to Add Additional Parties.[4]  ECF No. 106.  On February 7, 2020, Judge Baldwin denied Plaintiff's First Motion for Leave to File an SAC because Plaintiff did not attach a proposed second amended complaint and because responses to outstanding discovery might alleviate the need for an amended complaint.  ECF No. 120 at 3.

On April 14, 2020, Plaintiff filed his Second Motion for Leave to File a SAC to Add Additional Parties Paul Bottari ("Bottari") and Michael Rodriguez ("M. Rodriguez") attaching his proposed SAC.  ECF Nos. 127 and 127-1.  On June 24, 2020, Plaintiff agreed to withdraw his Second Motion for Leave to File a SAC to participate in a settlement conference with the Rodriguez Defendants before Judge Baldwin.  ECF No. 150 at 2.  The Court stayed this case to allow Plaintiff and the Rodriguez Defendants to attempt settlement, but on August 13, 2020, the Court lifted the stay after Plaintiff and the Rodriguez Defendants were unable to do so.  ECF Nos. 151, 154, and 160.

On August 24, 2020, Plaintiff refiled the instant Second Motion for Leave to File a SAC attaching a proposed SAC and adding Bottari and M. Rodriguez as defendants.  ECF Nos. 163 and 163-1.  Citing the "liberal rational of adding parties in the interest of facilitating a trial on the merits of the case," Plaintiff maintains Bottari and M. Rodriguez should be joined because, *inter alia*, Plaintiff learned of new evidence through discovery that reveals these proposed defendants' involvement in the allegedly fraudulent sale of real property underlying this action.  ECF No. 163 at 17.  Thus, Plaintiff alleges his case "cannot be presented with the same force" without adding Bottari

---

[3]     The Rodriguez Defendants did not file a response to Plaintiff's Motion.
[4]     Hereinafter the Court refers to the Second Amended Complaint as "SAC."

and M. Rodriguez as defendants.[5]  *Id.*  Plaintiff also asks the Court to "grant additional . . . time for discovery" as to these proposed defendants.  ECF No. 164 at 18.

## II.   DISCUSSION

As an initial matter, the Court notes that Fed. R. Civ. P. 16's "good cause" standard for amendment of pleadings applies to the case at bar.  Plaintiff refers the Court to Fed. R. Civ. P. 15(a)(2) providing that courts should freely grant leave to amend when justice so requires (*Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)), and that this Rule is generally applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).  However, the Rodriguez Defendants correctly point out that because Plaintiff filed his Second Motion for Leave to File a SAC "after the August 19, 2019 deadline for amending pleading and adding parties, the issue of whether to permit Pelletier's proposed amendments is governed by the more stringent good-cause standard under Rule 16 and not the more liberal standard under Rule 15(a)."  ECF No. 171 at 4, *citing in part Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Accordingly, because Plaintiff's Motion seeking leave to file his SAC was filed after the deadline set in the extension of deadline to amend pleadings or add parties (ECF No. 101), the Court analyzes whether Plaintiff establishes good cause for his untimely request to file his SAC.[6]

Rule 16(b)'s good cause standard, "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, . . . primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  Good cause means the movant could not meet the scheduling deadlines despite the party's diligence.  *Id.*  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

---

[5]     Plaintiff also argues that adding Bottari as a defendant is necessary because Plaintiff is time-barred from suing Bottari separately based on a Nevada statute of limitations.  ECF No. 163 at 7.  Plaintiff does not identify which state statute of limitations he is relying on, nor does he sufficiently argue why the Court should permit an amendment that includes a defendant against whom his claims are time-barred.  The Court recommends Plaintiff's Second Motion for Leave to File SAC (ECF No. 163) be denied because he does not demonstrate good cause nor excusable neglect in seeking an untimely amendment of his pleadings. Thus, the statute of limitations issue is not addressed.
[6]     Although the Court construes *pro se* pleadings liberally, a *pro se* litigant is "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (internal citation omitted).

the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).  The good cause standard "typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *Pickett v. Nev. Bd. of Parole Comm'rs*, Case No. 2:09-CV-01695-PMP-VCF, 2013 WL 6197095, at *2 (D. Nev. Nov. 26, 2013) (internal citation omitted).  If the moving party demonstrates good cause for amendment under Rule 16(b), then the movant must also demonstrate that amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608.

In addition to the above, the Local Rules of Practice for the United States District Court for the District of Nevada states that a request to extend time "made after the expiration of the specified period will not be granted unless the movant . . . demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR IA 6-1(b); *see also* LR 26-3. Excusable neglect may exist where a party's failure to comply with a deadline was negligent. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).  Courts in this Circuit rely on at least four "*Pioneer* factors" to assess whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and, (4) whether the movant acted in good faith.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000), *citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Determining whether neglect is excusable is an equitable decision that takes account of all relevant circumstances surrounding the party's omission.  *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.  This equitable determination is ultimately left to the discretion of the district court.  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

### A.   Plaintiff does not demonstrate good cause for a delayed amendment of his pleadings.

Plaintiff fails to demonstrate good cause to justify the belated attempt to amend his pleadings. This case has been pending for almost three-and-a-half years (ECF No. 1 filed on Sept. 5, 2017); Plaintiff previously amended his Complaint once (ECF No. 23); and, discovery closed in this matter on May 1, 2020.  ECF No. 99 ¶ 7.  Plaintiff contends that the "initial magistrate on this case, in a

telephone conference regarding The Case Management Report," advised him that "if more time was needed [to amend the pleadings or to add parties], he could [file a] motion for such." ECF No. 163 at 18. Plaintiff's representation may be true, but Plaintiff failed to file a motion to extend the time to amend pleadings, and there is nothing to suggest that the Court informed Plaintiff that he could ignore the deadline to do so.

Plaintiff argues that there was no way for him to know whether an amendment of his pleadings or addition of parties was necessary until he received relevant discovery from the Rodriguez Defendants, and that these Defendants engaged in "bad faith" by delaying their responses to his discovery requests. *Id*. at 5. Plaintiff attaches Exhibits of documents the Rodriguez Defendants turned over in discovery, purportedly containing new information that Plaintiff was not privy to when he filed his operative Amended Complaint. *Id*. at 21-61. In response, the Rodriguez Defendants counter that Plaintiff "does not identify nor explain how the discovery that has taken place in this case warrants amendments to his complaint. In fact, the exhibits attached to [Plaintiff's Second Motion for Leave to File a SAC] were either publicly available . . . , or were provided to Pelletier months ago through initial disclosures or responses to specific documents requests." ECF No. 171 at 9 n.7. For example, the Rodriguez Defendants aver that one of the documents Plaintiff attaches to his Motion was a deed "within the public record . . . which all parties, including Pelletier, have had access to since the commencement of this action and which Pelletier had a duty to investigate in discovery prior to its close" on May 1, 2020. *Id*. at 10. Plaintiff's failure to file a reply contesting the Rodriguez Defendants' representation that, while not establishing an independent basis to deny the Plaintiff's Motion, lends "greater credibility" to the Defendants' arguments. *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, Case No. 2:10-cv-0661-GMN-NJK, 2014 WL 7177222, at **2-3 (D. Nev. Dec. 16, 2014).

Moreover, there is no doubt that Plaintiff was aware of the proposed defendants' alleged involvement in this action for months—if not years—before he filed the instant Second Motion for Leave to File a SAC. ECF No. 1 ¶¶ 13, 28-29, 35; ECF No. 107 at 10; ECF No. 112 ¶ 8. This fact supports the conclusion that Plaintiff fails to establish good cause to belatedly amend his complaint as he was not diligent in seeking amendment. *Pickett*, 2013 WL 6197095, at *2. The court in *Pickett*

1    remarked that even if it were to accept the plaintiff's contention that "he did not discover the names

2    and roles of all seven of the proposed defendants until August 2012, [the plaintiff did] not explain

3    why he waited until June 2013 to move to amend the Complaint." *Id*. Here, Plaintiff was arguably

4    even less diligent than the plaintiff in *Pickett*. Plaintiff's filings suggest he knew who Bottari and

5    M. Rodriguez were and suspected their roles in the allegedly fraudulent sale of property for months

6    or years before Plaintiff filed his present Motion to File a SAC. ECF No. 1 ¶¶ 13, 28-29, 35; ECF

7    No. 107 at 10; ECF No. 112 ¶ 8.

8          The Rodriguez Defendants explain that Plaintiff identified both "Bottari" and "John Doe (son

9    of [Michael] Rodriguez)" in his initial disclosures, which he served on the Rodriguez Defendants on

10   May 20, 2019.[7] ECF No. 171 at 9, *citing* ECF No. 107 at 10. With respect to Bottari specifically,

11   Plaintiff knew this proposed defendant was the real estate broker who listed the subject property for

12   sale at least since September 5, 2017, when Plaintiff filed his original Complaint. ECF No. 1 ¶ 13.

13   In the same Complaint, Plaintiff also references Bottari's emails promising Plaintiff "around 250

14   head [of cattle] to pick from" and subsequent request to "make the deal without the cattle." *Id*. ¶¶

15   28, 35. Finally, Plaintiff admitted in his Reply in support of his First Motion to File a SAC that

16   "Bottari[]was always a suspect," and that Plaintiff "reserved dragging him into the fray for want of

17   further evidence." ECF No. 112 ¶ 8. With respect to M. Rodriguez, Plaintiff claims discovery has

18   confirmed that "100 of the 356 [disputed] cattle on the ranch" belong to him, a fact that Plaintiff

19   alleges formed a basis for the Rodriguez Defendants to deny him his contractual right to purchase

20   cattle on the property. ECF No. 163 at 14. Although Plaintiff did not have the benefit of discovery

21   to confirm his suspicions at the time he filed his original Complaint, Plaintiff alleges he was "told

22   that some [of the cattle] were sold and others belonged to Mr. Rodriguez's son. It was undisputed

23   that the better selections of cattle had been removed from the heard [sic]." ECF No. 1 ¶ 29.

24         In sum, Plaintiff has been aware of the "facts and theories supporting amendment," as well

25   as the "names and roles" of the proposed defendants for months if not years before seeking

26   amendment of the Amended Complaint. For this reason the Court finds Plaintiff does not

27   demonstrate good cause for amendment under Rule 16(b). *Pickett*, 2013 WL 6197095, at *2. In

28

---

[7]    Plaintiff alleges the proposed defendant, Michael, is Defendant William Rodriguez's son. ECF No. 163 at 12.

7

turn, because Plaintiff fails to show good cause, the Court need not analyze whether amendment is proper under Rule 15's liberal amendment standard. *Cf. Johnson*, 975 F.2d at 608 (if a party shows good cause for amendment under Rule 16, the party must then demonstrate that amendment is proper under Rule 15).

Based on the above, the Court also denies Plaintiff's Motion for Enlargement of Time to the Scheduling Order for Discovery Pertaining to Added Defendants (ECF No. 164), and recommends Plaintiff's Second Motion for Leave to File SAC (ECF No. 163) be denied on the same basis.

**B.    Plaintiff does not demonstrate that his failure to seek an amendment of pleadings or an addition of parties was the result of excusable neglect.**

As stated, the Court recommends Plaintiff's Second Motion for Leave to File a SAC be denied on the basis of his failure to demonstrate good cause for amendment alone. *Johnson*, 975 F.2d at 608. However, the Court notes that it has weighed the four *Pioneer* factors discussed above and finds Plaintiff also does not demonstrate his failure to seek amendment of pleadings or addition of parties was the result of excusable neglect. 507 U.S. at 395 (identifying the danger of prejudice to the opposing party, the length of the movant's delay in seeking amendment and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith as four relevant factors in determining whether neglect was excusable).

Contrary to the Rodriguez Defendants' assertions (ECF No. 171 at 10-11), the Court finds no indication to suggest Plaintiff acted in bad faith by seeking leave to amend. The Court also acknowledges that Plaintiff will obviously be prejudiced if his "untimely complaint is rejected." *Lemoge*, 587 F.3d at 1195. However, on balance, the Court finds the Rodriguez Defendants would be prejudiced more severely if the Court were to grant Plaintiff's Second Motion for Leave to File SAC. Plaintiff's proposed amendment seeks not only to add new parties, but also to add substantive allegations against the existing Rodriguez Defendants months after the close of discovery. *See, e.g.*, ECF No. 163-1. The consequential "need to reopen discovery and . . . delay [of] proceedings" that would result "supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sol'ns, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (internal citation omitted). Further, the length of Plaintiff's delay weighs against a finding of

excusable neglect.  Indeed, Plaintiff filed the instant Second Motion for Leave to File SAC more than a year after the agreed-upon deadline to amend pleadings or to add parties had passed.  *Compare* ECF No. 101 *with* ECF No. 163 filed on Aug. 24, 2020.  Finally, Plaintiff's justifications for delay are unpersuasive for reasons previously stated in Section II.A of this  Order and Report and Recommendation.

In its discretion, the Court finds Plaintiff fails to show that his delay in seeking amendment of pleadings or addition of parties was the result of excusable neglect.  Plaintiff's lack of excusable neglect serves as a separate reason for this Court to recommend denying Plaintiff's Second Motion for Leave to File a SAC.

**III.    ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Enlargement of Time to the Scheduling Order for Discovery Pertaining to Added Defendants (ECF No. 164) is DENIED.

**IV.    RECOMMENDATIONS**

IT IS HEREBY RECOMMENDED that Plaintiff's Second Motion for Leave to File Second Amended Complaint to Add Additional Parties, Paul Bottari, and Michael Rodriguez (ECF No. 163) be DENIED.

DATED THIS 21st day of January, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).