UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GAETAN PELLETIER, | Case No. 3:17-cv-00642-MMD-EJY |
| --- | --- |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM V. RODRIGUEZ, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Gaetan Pelletier brings this breach of contract action against Defendants William V. Rodriguez and Judy A. Rodriguez, as trustees and in their individual capacities, and the William V. Rodriguez Revocable Living Trust, concerning the sale of land from Defendants to Plaintiff.[1] (ECF No. 1.) Before the Court is a Report and Recommendation ("R&R") of U.S. Magistrate Elayna J. Youchah (ECF No. 187), recommending the Court deny Plaintiff's motion to for leave to file a second amended complaint (ECF No. 163) to add new defendants and claims. Plaintiff filed an objection to the R&R. (ECF No. 188 ("Objection").) Because the Court agrees with Judge Youchah's analysis. the Court will accept the R&R in its entirety.

**II.   BACKGROUND**

Plaintiff initiated this action on September 5, 2017. (ECF No. 1.) After amending his complaint as a matter of right (ECF No. 23) and the case proceeded into discovery, the parties attended a case management conference with U.S. Magistrate Judge Carla M. Baldwin on May 9, 2019. (ECF No. 94.) Plaintiff requested that the deadline to add parties

---

[1]Three other Defendants—Robert J. Wines, James W. Middagh, and Mortensen Partners, LP—have already been dismissed from this action. (ECF Nos. 78, 159.)

and claims be March 31, 2020 (ECF No. 91), but Judge Baldwin set July 1, 2019 as the deadline to amend pleadings and/or add parties (ECF No. 94). At Plaintiff's request, Judge Baldwin extended the deadline to August 19, 2019. (ECF No. 101.)

On December 4, 2019, more than three months after the extended deadline, Plaintiff moved for leave to file an amended complaint with additional named parties Paul Bottari and Michael Rodriguez ("M. Rodriguez"). (ECF Nos. 106 ("December 2019 Motion").) Plaintiff subsequently filed a motion to modify the case management schedule to permit him to add new parties after the deadline had passed. (ECF No. 110.) Judge Baldwin denied Plaintiff's motion for leave to file a second amended complaint because Plaintiff had failed to comply with Local Rule 15-1 by not attaching his proposed second amended complaint. (ECF No. 120 at 3.) Judge Baldwin expressly directed Plaintiff not to file until after written discovery and depositions have been completed. (*Id.*) Further, Judge Baldwin denied Plaintiff's motion to modify the schedule as moot. (*Id.*)

Plaintiff refiled his motion with the proper attachments on April 14, 2020 (ECF No. 127 ("April 2020 Motion")), but withdrew the motion at Judge Baldwin's direction in June so that the scheduled settlement conference could proceed. (ECF No. 150 at 2.) The settlement conference proceeded on June 29, 2020 (ECF No. 151), and resulted in a settlement between Plaintiff and Defendants Middagh and Mortensen Partners (ECF Nos. 157, 159). Three weeks after that settlement was finalized, Plaintiff again filed a motion for leave to file a second amended complaint to add Bottari and M. Rodriguez as defendants, in addition to adding a new claim for civil conspiracy against the existing and putative defendants. (ECF No. 163 ("August 2020 Motion").)

United States Magistrate Judge Elayna J. Youchah[2] issued a Report and Recommendation ("R&R"), advising that the Court deny Plaintiff's August 2020 Motion. (ECF No. 187.) Plaintiff filed a response disagreeing with Judge Youchah's findings, which

---

[2]Judge Baldwin recused herself from this matter on August 14, 2020, and Judge Youchah was randomly reassigned as the magistrate judge. (ECF No. 161.)

2

the Court will construe as an objection to the R&R (ECF No. 188), and Defendant responded to Plaintiff's Objection. (ECF No. 189.)

**III.     LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 188.)

**IV.     DISCUSSION**

Plaintiff seeks to add Bottari and M. Rodriguez as defendants. (ECF Nos. 127, 127-1.) The scheduling order in this case was entered on June 28, 2019 (ECF Nos. 99, 101), and the deadline to add parties or claims was August 19, 2019 (ECF No. 101). Discovery closed on May 1, 2020. (ECF No. 99.) Because Plaintiff is seeking now to add parties after the Court has entered a scheduling order, Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard for modifying a scheduling order applies, not Rule 15(a)(2)'s more lenient amendment standard. The 'good cause' standard of Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). While the Court may consider prejudice to the nonmoving party as additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.*

Moreover, when a party requests to modify the pretrial scheduling order after the expiration of a relevant deadline, the request must be accompanied by a showing of excusable neglect. *See* LR IA 6-1(b); *see also* LR 26-3. When evaluating whether a party's neglect was excusable, the Court considers the four '*Pioneer* factors': "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and the impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Mendoza v. Amalgamated Transit Union, Int'l*, Case No. 2:18-cv-00959-JCM-CWH, 2019

WL 9100188, at *4 (D. Nev. Jun. 24, 2019) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Chem. Bank v. Star Dev. & Holding, LLC*, Case No. 2:16-cv-01523-MMD-PAL, 2017 WL 5587516, at *3 (D. Nev. Nov. 17, 2017) (citing *Pioneer Inv. Servs. Co v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

As explained further below, Plaintiff has not demonstrated good cause, so the motion for leave to file a second amended complaint will be denied. But even if Plaintiff had demonstrated good cause, Plaintiff's first motion for leave to file, the December 2019 Motion, was filed after the deadline to add new parties per the scheduling order. Because Plaintiff has likewise failed to demonstrate excusable neglect, the Court will deny the Motion for Leave to File.

**A.    Good Cause**

Plaintiff raises two arguments in support of his claim that good cause exists that justifies modifying the scheduling order at this late time. First, Plaintiff argues Judge Baldwin has already found good cause. Second, Plaintiff alleges that when the Court previously dismissed his motion for leave to amend, the Court also granted him leave to refile his motion at a later time. Both arguments are insufficient to show good cause.

Plaintiff repeatedly cites to Magistrate Judge Baldwin's order disposing of several discovery motions (ECF No. 120), in which she prefaces her rulings with "good cause appearing," to argue that the Court has already established a showing of good cause. (ECF No. 188 at 4, 5, 7.) Although the Court recognizes Plaintiff's possible confusion, this language is not applicable to the issue presently before the Court. In her February 7, 2020 order, Judge Baldwin found good cause to deny Plaintiff's motion to add parties because Plaintiff failed to attach the proposed second amended complaint. (ECF No. 120 at 3.) But she did not then find that Plaintiff had demonstrated good cause under Rule 16(b) at that hearing. Accordingly, this language does not advance Plaintiff's argument that he has established good cause to modify the schedule.

4

Indeed, the Court has not yet ruled on whether Plaintiff's motion for leave to file is supported by good cause. Plaintiff argues that Judge Baldwin's order clearly permitted him "to proceed with his motion to leave and amend his complaint to add parties provided plaintiff followed the court's instructions." (ECF No. 188 at 5.) In particular, Plaintiff cites Judge Baldwin's order allowing Plaintiff "to refile at the proper time, if necessary." (ECF No. 120 at 3.) But that ruling only allowed Plaintiff to refile his motion for leave to amend— it did not grant him leave to file a second amended complaint. (*Id.*) Whenever Plaintiff properly refiled a motion for leave to file a second amended complaint, the magistrate judge assigned to the case would still have had to analyze whether the motion for leave to file should be granted, as Judge Youchah did in her R&R. Ultimately, Judge Baldwin's February 7th order does not help Plaintiff to demonstrate good cause.

Instead, the Court must consider whether Plaintiff was sufficiently diligent such that he should be permitted to add new defendants after discovery has closed. Although the Court acknowledges that Plaintiff has put considerable effort into prosecuting this case over the last three and a half years, he has ultimately failed to demonstrate good cause for not adding the proposed defendants earlier in the litigation. There is no dispute that Plaintiff knew about the parties and the theories of liability far in advance of filing his Amended Complaint. (ECF No. 187 at 6.) Plaintiff knew of Bottari's identity and role when he filed his original Complaint. (ECF No. 1 at 6 (identifying "Paul Bottari" as the listing broker).) Further, although Plaintiff may not have known M. Rodriguez's identity at the time of filing, he was then aware that "some [of the cattle] were sold and others belonged to Mr. Rodriguez's son." (ECF No. 1 at 7.) In the December 2019 Motion, Plaintiff's sole explanation for declining to add Bottari and M. Rodriguez earlier in the litigation was that "[t]he activities of these additional parties have been revealed more clearly in Plaintiff's most recent discovery responses and were merely suspected prior to recent discovery." (ECF No. 106 at 2.) Plaintiff offers no further explanation for why the December 2019 Motion is three months past the deadline and had not communicated with the Court about requesting an additional extension. The Court therefore agrees with Judge Youchah's

reasoning that because "Plaintiff has been aware of the 'facts and theories supporting amendment' as well as the 'names and roles' of the proposed defendants for months if not years before seeking amendment of the Amended Complaint," and, as a result, Plaintiff failed to demonstrate good cause for amendment under Rule 16(b). (ECF No. 187 at 7.)

### B. Excusable Neglect

The Court could deny Plaintiff's Motion on the good cause ground alone. But even if Plaintiff could show good cause, he has also failed to demonstrate excusable neglect. After weighing the *Pioneer* factors, the Court cannot find that Plaintiff has demonstrated his failure to timely seek amendment was the result of excusable neglect. *See* 507 U.S. at 395. Although the Court finds that Plaintiff acted in good faith, the other three factors—length of delay and its potential impact on the proceedings, lack of clear reason for the delay, and potential prejudice to the nonmoving party—ultimately outweigh Plaintiff's efforts. *See Chem. Bank*, 2017 WL 5587516 at *3.

Although Plaintiff will clearly be prejudiced if he is not permitted to add Defendants Bottari and M. Rodriguez, Defendants would also be significantly prejudiced. At the time Plaintiff filed the August 2020 Motion, discovery had been closed for more than three months. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding that the "need to reopen discovery" and the ensuing delay of proceedings "supports a district court's finding of prejudice from a delayed motion to amend the complaint"). Moreover, Plaintiff's proposed second amended complaint would not only add defendants, but includes a new claim for civil conspiracy against the existing defendants as well. (ECF No. 163-1 at 23.) While it is unclear whether Plaintiff could seek redress against Bottari and M. Rodriguez in a subsequent lawsuit,[3] ultimately the prejudice to Defendants at least equals Plaintiff's and does not weigh in favor of excusing Plaintiff's neglect.

The length of delay and the potential impact on allowing amendment at this late

---

[3] It is unclear which statute of limitations Plaintiff is referring to when he alleges that future claims would be barred by a Nevada state statute of limitation.

6

stage weigh even more strongly against permitting Plaintiff to amend. The Court acknowledges that Plaintiff has not slept on his rights and has attempted to amend his Complaint several times. (ECF Nos. 106, 127, 163.) But even if Plaintiff had properly attached his proposed second amended complaint to his December 2019 Motion (ECF No. 106), that motion was filed more than three months after the stipulated extended deadline to add new parties. In similar cases, the Court has found three months' delay without any justification inexcusable neglect. *See, e.g.*, *Edwards v. Conn Appliances, Inc.*, Case No. 2:18-cv-01998-APG-BNW, 2020 WL 6126276, at *2 (D. Nev. Sept. 30, 2020) (denying plaintiff's motion to amend after the scheduling order deadline had passed when she failed to explain why she waited seven weeks after the time she allegedly learned requisite new information); *Wilson v. Wal-Mart Stores, Inc.*, Case No. 2:13-cv-00207-RFB-PAL, 2015 WL 926959, at *5 (D. Nev. Mar. 4, 2015) (finding plaintiff had not met his burden of establishing good cause or excusable neglect when he failed to file the motion to amend more than three months after the deadline established by the discovery plan).

Finally, as explained above, Plaintiff offers no excuse for disregarding the August 19, 2019 deadline, in either the instant August 2020 Motion or his prior December 2019 Motion. While the Court acknowledges that Plaintiff is proceeding *pro se*, a *pro se* litigant is still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (internal citation omitted). Even considering the matter equitably, the Court cannot ignore that Plaintiff was the one to request the August 19, 2019 deadline because it would be 30 days after the scheduled depositions that would enable him to "ascertain the potential and culpability of other parties." (ECF No. 97 at 1-2.) Plaintiff then disregarded the deadline he himself proposed, did not again contact the Court for an extension, and never gave a reason for so doing.

In sum, Plaintiff does not show that his delay was the result of excusable neglect. Moreover, he has failed to demonstrate good cause for allowing a modification of the briefing schedule. Accordingly, the Court will adopt Judge Youchah's R&R in full (ECF No. 187), and will deny Plaintiff's August 2020 Motion (ECF No. 163).

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 188) to the Report and Recommendation of U.S. Magistrate Judge Elayna J. Youchah is overruled. The Report and Recommendation of U.S. Magistrate Judge Elayna J. Youchah (ECF No. 187) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's motion for leave to file a second amended complaint adding new defendants (ECF No. 163) is denied.

DATED THIS 17th Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE