UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GAETAN PELLETIER,<br><br>      Plaintiff,<br>v.<br>WILLIAM V. RODRIGUEZ, *et al.*,<br><br>      Defendants. | Case No. 3:17-cv-00642-MMD-EJY<br><br>ORDER |

**I. SUMMARY**

Before the Court are three motions filed by *pro se* Plaintiff Gaetan Pelletier.[1] Plaintiff first filed a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) and a stay of the case pending appeal (ECF No. 193, 194 ("Judgment Motion"),[2] then filed a motion for relief from judgment pursuant to Rule 60(b) (ECF No. 195 ("Reconsideration Motion")).[3] In essence, Plaintiff argues that the Court should either reconsider its order (ECF No. 192 ("Order")) denying him leave to add two defendants, or, in the alternative, should enter final judgment and permit him to appeal that decision. Because Plaintiff has not met the standard under Rule 54(b) or 60(b), the Court will deny both the Judgment and Reconsideration Motions, and Plaintiff may appeal the Order when final judgment is entered in this case.

///

---

[1]Also before the Court are Plaintiff's pending motion for partial summary judgment (ECF No. 167), Defendants' motion for summary judgment (ECF No. 172), Defendants' motion to strike Plaintiff's exhibits (ECF No. 176), Plaintiff's motion to strike Defendants' motion for summary judgment (ECF Nos. 179, 180), and Defendants' motion to strike Plaintiff's motion to strike. (ECF No. 183). The Court will address these motions in due course.

[2]Plaintiff filed the identical document twice. Defendants responded (ECF Nos. 196, 197), also filing the identical document twice.

[3]Defendants responded. (ECF No. 198.)

## II. BACKGROUND

After the close of discovery in this breach of contract case, Plaintiff sought to add two new defendants: Paul Bottari and Michael Rodriguez. (ECF No. 163.) Plaintiff claimed that Bottari was an indispensable party, alleging that Bottari had made false representations to him regarding the water rights associated with the property he purchased from Defendants. (*Id.* at 7.) Plaintiff also argued that Defendant William Rodriguez transferred several heads of cattle to his son, Michael Rodriguez, thus making him complicit in the allegedly fraudulent deal. (*Id.* at 13-14.) Plaintiff sought leave to add Bottari and Michael Rodriguez to this case more than three months after the stipulated deadline to add new parties under the scheduling order. (ECF Nos. 99, 101.)

Consequently, the Court adopted the Report and Recommendation of U.S. Magistrate Judge Elayna J. Youchah and denied Plaintiff leave to file a second amended complaint. (ECF Nos. 187, 192.) Plaintiff argued that U.S. Magistrate Judge Baldwin had found "good cause" to allow him leave to amend to add parties at a February 7, 2020 settlement conference. (ECF No. 120 ("February Conference").) But the Court found that Judge Baldwin's order only permitted Plaintiff to refile his motion for leave to amend in compliance with the scheduling order in place if the parties failed to reach an agreement. (ECF No. 192 at 4.) The Court further found that Plaintiff failed to demonstrate good cause under Rule 16(b) for his delay in adding Bottari and Michael Rodriguez, and that his delay was not the result of excusable neglect. (ECF No. 192 at 4-7.) Plaintiff now seeks relief from the Order.

## III. LEGAL STANDARD

Parties may seek relief from a district court order either before or after judgment is entered. Federal Rule of Civil Procedure 54(b) permits the district court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 54(b)

also permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" prior to the final disposition of all claims against all parties.

District courts use a two-step process to determine whether entry of judgment is appropriate, considering first whether the challenged order is a 'final judgment' and second whether there is "any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). A 'final judgment' is "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956). But even if the court determines the judgment is final, Rule 54(b) restricts entry of judgment "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court reasoned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp.*, 446 U.S. at 8. Instead, "[i]t is left to the sound discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* "Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir.2005).

A party may also seek relief from "a final judgment, order, or proceeding" through Rule 60(b). The Ninth Circuit has ruled that Rule 60(b) applies only to final orders or judgments, as opposed to interlocutory orders. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("[A] preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)."); *see also* Advisory Comm. Note to Fed. R. Civ. P. 60(b) ("The addition of the qualifying word 'final' emphasizes the character of the judgment, orders or proceedings from which Rule 60(b) affords relief; . . . interlocutory judgments are not brought within the restrictions of the rule . . .").

## IV. DISCUSSION

Plaintiff first requests that the Court enter final judgment under Rule 54(b) so that he can immediately appeal the Order. (ECF Nos. 193, 194.) Specifically, Plaintiff argues that because the statute of limitations has run, the Order serves effectively as a final judgment on his potential claims against Bottari and Michael Rodriguez. Plaintiff additionally moves for a stay of this case pending his interlocutory appeal. (ECF Nos. 193, 194.) Defendants argue that the Order was not a final judgment on the merits and is inappropriate for Rule 54(b) relief, and that Plaintiff's motion to stay should therefore be denied as moot.

Plaintiff also requests that the Court grant him relief from judgment under Rule 60(b). (ECF No. 195.) Again, Defendants argue that the Order was not a final determination on the merits of any of Plaintiff's claims, and is thus not subject to Rule 60 relief. (ECF No. 198.) Defendants argue in the alternative that if the Court construes Plaintiff's motion for relief from judgment as a motion for reconsideration, Plaintiff is still not entitled to relief because Plaintiff merely restates his arguments from his prior objection.

The Court will not certify the Order as a final judgment ready for immediate appeal under Rule 54(b) because Plaintiff has not shown any immediate need to pursue this appeal before the entire case is adjudicated. Further, because Plaintiff only reiterates arguments the Court previously considered in its Order, the Court will likewise deny the Reconsideration Motion.

### A. Motion for Entry of Final Judgment and Stay of Case Pending Appeal

Plaintiff requests the Court enter judgment per Rule 54(b) on its Order so that he may immediately appeal the denial of leave to amend to the Ninth Circuit. (ECF No. 193.) The parties disagree about whether the Order was a final decision for the purposes of Rule 54(b). (ECF Nos. 193 at 2, 196 at 2-3.) Typically, "[a]n order denying a motion to amend is not a 'judgment' from which appeal may be taken under Rule 54(a)." *Baker v. S. Pac. Transp.*, 542 F.2d 1123, 1127 (9th Cir. 1976). But some courts have found that

denying leave to amend when claims against parties the plaintiff seeks to add would be time-barred is a final decision. *See, e.g.*, *Lockett v. Gen. Fin. Loan Co. of Downtown*, 623 F.2d 1128, 1129-30 (5th Cir. 1980) ("Ordinarily an order denying leave to amend pleadings to add a party defendant would not be a final order. In this case, however, the statute of limitations had run, and would have barred a separate suit . . ."). It is possible that denying Plaintiff leave to amend constituted a final judgment of his prospective claims against Bottari and Michael Rodriguez if they are time-barred. But the Court need not decide that issue here because Plaintiff has not shown that there is no just reason for delay. Accordingly, the Court will deny the Judgment Motion and will deny Plaintiff's request to stay as moot.

Plaintiff asserts that his claims against Bottari and Michael Rodriguez are "separate and distinct, factually and legally from the individual defendant parties presently in the case." (ECF No. 193 at 6.) The Court disagrees. When determining whether entry of final judgment under Rule 54(b) is appropriate, the Ninth Circuit will ask "whether the certified order is sufficiently divisible from the other claims such that the case would [not] come back to this court on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal citations omitted). Plaintiff's proposed claims against Bottari and Michael Rodriguez are factually interwoven with his breach of contract and misrepresentation claims against the Rodriguez Defendants and the Rodriguez Trust. As stated in its prior Order, the Court recognizes that denying Plaintiff leave to amend may prejudice him and prevent him from bringing claims against Bottari and Michael Rodriguez in further proceedings, though he did not then and does not now offer any reason for his three-month delay in requesting leave to add these parties before the scheduling order's deadline. Because adjudicating these claims together will prevent piecemeal appeals, the Court finds there is some just reason for delay. Accordingly, the Court will deny Plaintiff's Judgment Motion.

///

///

### B.     Motion for Relief from Judgment or Reconsideration

Plaintiff also moves for relief from judgment under Rule 60(b)(1) and 60(b)(6). (ECF No. 195.) Defendants argue again that the Order was not a final judgment, so relief from judgment would be inapplicable. (ECF No. 198.) Alternatively, Defendants argue that if the Court construes Plaintiff's motion as a motion for reconsideration, it should be denied because Plaintiff only reiterates his prior arguments. (*Id.* at 2.) As explained above, the Court reasons that the Order could be considered final, though is not definitively so. But because Rule 60(b) applies to both final judgments and orders, this is a distinction without a difference for the purposes of Plaintiff's Reconsideration Motion. Regardless of whether the Order was final, Plaintiff has not met the standard for relief from judgment or reconsideration under Rule 60(b). Accordingly, the Court will deny Plaintiff's Reconsideration Motion.

#### 1.     Excusable Neglect

Plaintiff first argues that he is entitled to reconsideration under Rule 60(b)(1)'s excusable neglect provision. (ECF No. 195 at 10.) When evaluating whether a party's neglect is excusable for the purposes of Rule 60(b)(1), courts apply the four *Pioneer* factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). The Court already considered these factors when it overruled Plaintiff's objection to Judge Youchah's Report & Recommendation. (ECF No. 192 at 6.) Most importantly, Plaintiff did not (and still has not) provided any compelling reason why his initial motion for leave to amend to add Bottari and Michael Rodriguez was over three months late per the deadline established in the scheduling order.

Plaintiff's Reconsideration Motion does not argue that the Court's analysis was clearly erroneous or predicated upon a mistake. The Court agrees with Defendants that Plaintiff's arguments merely restate what he had previously argued in his objection.

Accordingly, the Court finds that Plaintiff has not demonstrated he is entitled to relief due to excusable neglect.

### 2. Any Other Reason Justifying Relief

Plaintiff next argues that the Court should grant relief under Rule 60(b)(6). Courts use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 2010). Indeed, Rule 60(b)(6) movants must demonstrate "extraordinary circumstances" justifying relief. *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019) (citations omitted). A party who seeks relief under Rule 60(b)(6) typically "must demonstrate both injury and circumstances beyond his control" that prevented them from properly pursuing their case. *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

Plaintiff has not so shown. Plaintiff's attempted justification for Rule 60(b)(6) relief rests on his assertion that the Court improperly disagreed with Judge Baldwin's prior reasoning. Contrary to Plaintiff's repeated assertions, the Order did not overrule or otherwise disagree with anything Judge Baldwin determined in the February Conference order. The Court explained in its Order that Plaintiff appears to have mistaken Judge Baldwin's routine use of the language "good cause appearing" as finding of good cause under Rule 15 or 16. At the February Conference, Judge Baldwin did not conduct a Rule 15(a) or a 16(b) analysis. Instead, she denied Plaintiff's motion for leave to add parties "without prejudice to refile at the proper time." (ECF No. 120 at 3.) Judge Baldwin's order did not indicate that Plaintiff's motion would be successful.

The Court does not deny that Plaintiff may suffer injury if he is not permitted to add Bottari and Michael Rodriguez. But Plaintiff has not shown that his failure to timely move to add new parties was due to circumstances beyond his control. As the Court explained in its prior Order, Plaintiff was responsible for either complying with the scheduling order or timely requesting a modification. He did not do so. Accordingly, the Court finds that these are no extraordinary circumstances that warrant Rule 60(b)(6) relief.

///

Because Plaintiff has not demonstrated he is entitled to relief under either Rule 60(b)(1) or 60(b)(6), the Court will deny the Reconsideration Motion.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for entry of final judgment (ECF No. 193) is denied.

It is further ordered that Plaintiff's motion for a stay pending appeal (ECF No. 194) is denied as moot.

It is further ordered that Plaintiff's motion for relief from judgment (ECF No. 195) is denied.

DATED THIS 18th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE